IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

MANUEL J. SAMORA,

        Plaintiff,

v.                                                       No. CV 15-00596 WJ/LF

COMCAST, a foreign corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court upon Defendant Comcast's Motion for Summary Judgment (**Doc. 37**), filed May 6, 2016. Having reviewed the parties' written arguments and the applicable law, the Court finds that Defendant's Motion is well-taken, and is therefore **GRANTED**, as herein described.

**BACKGROUND**

Plaintiff Manuel J. Samora ("Plaintiff") began working for Defendant Comcast ("Defendant") in July of 2003 and was employed as an Installer. On June 4, 2012, Plaintiff reported to his supervisor that he had injured his back lifting a ladder while working on an installation. Plaintiff reported for work following his injury, but left that same day. Plaintiff alleges that Comcast did not acknowledge his injury and he felt he could not return to work until he received medical treatment. Plaintiff's workers' compensation claim was initially denied by Comcast's workers' compensation third-party administrator Rebecca Madine by letter to Plaintiff dated July 17, 2012. Plaintiff retained an attorney shortly after receiving the letter and filed a

workers' compensation administrative action with the New Mexico Worker's Compensation Administration on November 9, 2012. In the meantime, Plaintiff apparently requested that Defendant place him on leave, and Defendant placed him on unpaid leave.

In a hand-delivered letter dated November 24, 2014, Comcast Leave of Absence Consultant Janine Leonard ("Ms. Leonard") advised Plaintiff that Defendant needed additional information from him about his status so it could evaluate whether or not he was entitled to additional leave. The letter stated: "If you do not contact me and/or return the Certification [of Health Care Provider form] by December 2, 2012, Comcast will assume that you are not interested in returning to work and your employment will be terminated." Having not received a response from Plaintiff, Ms. Leonard sent a second later dated December 2, 2012, hand-delivered by overnight delivery, seeking the same Certification form and warning that his employment would be terminated if he did not respond by December 9, 2012. Plaintiff admits that he did not respond to either letter, but states that he had already provided Comcast with medical documentation of his injury which was not acknowledged by Comcast. Finally, in a letter dated December 26, 2012, Ms. Leonard sent Plaintiff a letter terminating his employment. At the time, Plaintiff's workers' compensation administrative action was still proceeding. In an Independent Medical Evaluation performed by Juliana Garcia, D.O. in December of 2013 pursuant to Plaintiff's workers' compensation administrative action, Dr. Garcia opined to a reasonable degree of medical probability that Plaintiff's chronic pain was causally related to the June 4, 2012 accident while working for Defendant.

Plaintiff filed his Complaint (**Doc 1-1**) in the Second Judicial District Court, County of Bernalillo, State of New Mexico on April 23, 2015, alleging a claim of wrongful discharge. Plaintiff alleged that Defendant retaliated against him for filing a worker's compensation claim

by terminating him and failing to rehire him. On July 9, 2015, Defendant removed the case to this Court (**Doc. 1**). Defendant filed a Motion for Summary Judgment (**Doc. 37**) on May 6, 2016. Plaintiff filed a Response (**Doc. 42**) on June 6, 2016, and Defendant filed a Reply (**Doc. 46**) on July 6, 2016.

**LEGAL STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted). Once the movant meets this burden, Rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250. A mere "scintilla" of evidence will not avoid summary judgment. *See Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). Rather,

there must be sufficient evidence on which the fact finder could reasonably find for the non-moving party. *See Anderson*, 477 U.S. at 251.

That said, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999).

## DISCUSSION

Defendant argues that Plaintiff's employment was terminated by Comcast because he failed to respond to two letters seeking information regarding his almost six-month absence from work. The two letters specifically requested Plaintiff's response and warned him of the consequences of not responding. The burden-shifting analysis under Rule 56 requires Plaintiff to bear the initial burden of establishing a prima facie case of retaliation. If he does so, Defendant must counter with a legitimate, non-retaliatory reason for the complained-of action. If Defendant produces sufficient evidence to support a non-retaliatory explanation for its decision, Plaintiff bears the ultimate burden of demonstrating that Defendant's proffered reasons were not its true reasons but a pretext for retaliation. Defendant argues that Plaintiff has failed to bring evidence showing that his filing of a workers' compensation administrative action was a motivating factor in his discharge. His claim rests only upon the temporal proximity between the filing of the action on November 9, 2012 and the termination of his employment effective December 26, 2012. Defendant notes that Plaintiff initially filed his workers' compensation claim on June 4, 2012, the day after he was injured, and received the denial of his claim on July 17, 2012. Thus, there is no temporal proximity between the initial workers' compensation claim and his termination. Further, there is nothing that suggests retaliatory motive on Ms. Leonard's part in sending two letters asking Plaintiff to provide information about his status after being absent

4

from work for almost six months and offering an accommodation of additional leave if medically necessary. Notably, Defendant argues that Ms. Leonard, based in Philadelphia, had no knowledge of his workers' compensation claim or administrative action. As there are no facts to suggest that Plaintiff was terminated as a result of his filing a workers' compensation administrative action, Plaintiff has failed to establish a prima facie case.

Even if the Court were to find that a prima facie case had been established, Defendant argues it has presented more than sufficient undisputed material facts to support a legitimate non-retaliatory explanation for its decision. Defendant argues that Plaintiff cannot overcome his own failure to respond to the two letters, nor can he overcome the evidence produced in discovery showing that out of 87 employee reports of injuries in the Albuquerque workplace in a five-year period, only three total individuals were terminated under similar circumstances, that being "voluntary job abandonment." Thus, Plaintiff cannot withstand summary judgment on his claim.

Plaintiff argues that Defendant is incorrect in asserting that there is no evidence of retaliation for filing a workers' compensation claim. New Mexico has recognized a claim of retaliatory discharge when an employer discharges an employee who has filed a workers' compensation claim and has used temporal proximity as evidence of a causal connection for retaliation. *See Michaels v. Anglo American Auto Auctions, Inc.*, 869 P.2d 279, 282 (N.M. 1994). Plaintiff asserts that he was terminated one month after filing a workers' compensation administrative action, and the first letter from Comcast regarding Plaintiff's employment was not sent until just two weeks after Plaintiff filed his workers' compensation administrative action. Therefore, Plaintiff argues that he can demonstrate sufficient temporal proximity as evidence of a causal connection to this termination.

Plaintiff additionally argues that even if the Court were to adopt Comcast's argument that

the temporal proximity argument began in June 2012 when Plaintiff was originally injured, New Mexico state law has not adopted any set time frame to determine temporal proximity. *See Juneau v. Intel Corp.*, 139 N.M. 12, 18 (N.M. 2006). Additionally, Comcast initially denied his workers' compensation claim, even though it was Plaintiff's subsequent workers' compensation administrative action that proved his claims to be valid.

Defendant replies that Plaintiff has only made a showing of temporal proximity between the filing of his workers' compensation administrative action and his subsequent termination. The evidence, however, tilts in favor of Comcast as to its legitimate, non-retaliatory reasons for his discharge. Plaintiff has failed to present facts to show that his filing of a claim constituted a "motivating factor" in the decision to terminate him. Defendant argues that there is nothing to suggest a retaliatory motive on Ms. Leonard's part in asking Plaintiff to provide information about his status after missing almost six months of work. Unless an adverse action is very closely connected in time to the protected activity, a plaintiff must rely on additional evidence beyond mere temporal proximity to establish causation, and Plaintiff offers no such evidence here. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1231 (10th Cir. 2004).

At the outset, the Court notes that throughout the Motion for the Summary Judgment (**Doc. 38**) and Reply (**Doc. 46**), Defendant cites to federal case law for support, applying the shifting burden analysis enunciated by the Tenth Circuit. *See, e.g.*, *Annett v. University of Kan.*, 371 F.3d 1233, 1241 (10th Cir. 2004) (applying the shifting burden analysis in a claim for retaliation against plaintiff for exercising her rights under Title VII); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999) (applying the analysis in a claim for retaliation against plaintiff for filing a claim with the Equal Employment Opportunity Commission). Defendant also likens this case to *Catapano v. Cellco Partnership, Inc.*, decided by this Court earlier this

year. *See* No. 14-811, Mem. Op. & Order at 2–3 (D.N.M. Jan 26, 2016). While *Catapano* did involve claims of retaliation, the first claim involved retaliation under the Family Medical Leave Act, 28 U.S.C. § 2601 *et seq*., and the second involved retaliation under the Human Rights Act, which, while New Mexico state law, is subject to the shifting burden analysis under federal law. *See Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 n.5 (10th Cir. 2005) (noting that because plaintiff's burden under the Human Rights Act is identical to the burden under a Title VII claim, analysis of the federal law applies equally to the state law claim). Thus, citation to federal case law was appropriate. While the third retaliation claim in *Catapano* did involve a claim of retaliatory discharge under New Mexico state law, the Court simply incorporated its reasoning based on Plaintiff's other retaliation claims. In this case, Plaintiff's Complaint alleging wrongful discharge was filed in state court and removed by Defendant based upon complete diversity of citizenship and an amount in controversy exceeding $75,000. Unlike in *Catapano*, there is no suggestion that Plaintiff's wrongful discharge claim is based upon federal law, nor is there any suggestion or case law stating that a garden variety wrongful discharge claim tracks the analysis of federal law, such as in the Human Rights Act context. Plaintiff's plea in his Response (**Doc. 42**) that this matter should be decided under New Mexico law apparently fell on Defendant's deaf ears.

   The Court finds that this Motion for Summary Judgment is properly decided under New Mexico state law rather than federal law. Thus, Defendant's citations to federal case law are not applicable to determination of the Motion for Summary Judgment, especially given that several significant differences exist between New Mexico state law and federal law in the retaliatory discharge context. First, New Mexico has only suggested that it may apply a shifting burden analysis, noting that "other jurisdictions [] utilize a shifting burden of production for testing

7

evidence of causal connection between improper motive and adverse employment action" but determining that "it is unnecessary to consider the shifting of burdens here." *Chavez v. Manville Products Corp.*, 108 N.M. 643, 648 n. 2 (N.M. 1989). Second, the Supreme Court of New Mexico has "decline[d] to apply any temporal proximity analysis in this case or adopt a specific time period for inferring facts related to causation . . . . [t]he fact-finder should be free to consider timing and proximity, along with all the other facts and circumstances, in deciding the ultimate issue of causation." *See Juneau v. Intel Corp.*, 139 N.M. 12, 18 (N.M. 2006). Defendant notes that retaliatory discharge is the single exception to the at-will doctrine in New Mexico, and the exception is narrow. *See Shovelin v. Central New Mexico Elec. Coop., Inc.*, 115 N.M. 293, 303 (N.M. 1993). That said, it is clear that New Mexico recognizes a claim of retaliatory discharge when an employer discharges an employee who has filed a workers' compensation claim. *See Michaels v. Anglo Am. Auto Auctions, Inc.*, 117 N.M. 91, 94 (N.M. 1994).

Having established the proper standard for evaluating Plaintiff's claim under New Mexico statute and case law, the Court finds that Plaintiff has failed to establish a causal connection between his filing of a workers' compensation administrative action and his termination, and therefore, Defendant's Motion for Summary Judgment should be granted. First, Defendant has established that Ms. Leonard, a Comcast employee based in Philadelphia, had no knowledge of Plaintiff's workers' compensation administrative action. The Court of Appeals of New Mexico has stated that "an employee fails to prove the causal connection necessary to sustain a claim for retaliatory discharge when there is no evidence that the persons responsible for his discharge had any knowledge the employee engaged in an activity alleged to be protected." *Lihosit v. I&W, Inc.*, 121 N.M. 455, 459 (N.M. Ct. App. 1996). Second, Defendant has established that Plaintiff failed to respond to the two letters, both of which simply asked for

8

information regarding his work status and whether he could return from his leave of absence. While the Court does find a reasonably close temporal proximity of approximately one and one-half months between the protected action taken by Plaintiff and his termination, the Court finds no evidence of pretext in the two letters sent to Plaintiff prior to his termination. The letters instructed Plaintiff to have his health care provider complete a form to allow Comcast to determine whether Plaintiff may be entitled to a personal leave of absence. Plaintiff has stated that he chose not to respond to the letters because he had already provided his healthcare information to Comcast's Albuquerque office. While that may be the case, it does not provide evidence showing that Defendant sent the letters to Plaintiff on a pretextual basis. Third, Defendant has established that out of the 87 employee reports of injuries in the Albuquerque workplace in a five-year period, only three total individuals were terminated for voluntary job abandonment. On the basis of all the facts and circumstances, the Court finds that Plaintiff has not provided sufficient evidence of retaliatory discharge. Therefore, Plaintiff's claim is subject to summary judgment.

Accordingly, the Court finds that Defendant's Motion for Summary Judgment **(Doc. 37)** is well-taken and therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE